RYMER, Circuit Judge,
concurring in part and dissenting in part:
I part company only with respect to whether we should adopt the “public domain” test for waiver embraced by the D. C. Circuit and the Second Circuit. See Students Against Genocide v. Dep’t of State, 257 F.3d 828, 836 (D.C.Cir.2001); Cottone v. Reno, 193 F.3d 550, 554-55 (D.C.Cir.1999); Fitzgibbon v. CIA, 911 F.2d 755, 765-66 (D.C.Cir.1990); Afshar v. Dep’t of State, 702 F.2d 1125, 1130-31 (D.C.Cir.1983); Inner City Press/Cmty. on the Move v. Bd. of Governors of Fed. Reserve Sys., 463 F.3d 239, 244 (2d Cir.2006). I think we should. Not only would adopting this test put us in line with other circuits, but unlike the majority’s retreat from the public domain test, it is a clear rule that can be applied without guesswork.
For the public domain doctrine to apply, the specific information sought must have already been “disclosed and preserved in a permanent public record.” Cottone, 193 F.3d at 554; see Davis v. U.S. Dep’t of Justice, 968 F.2d 1276, 1279-80 (D.C.Cir. 1992). “[W]e must be confident that the information sought is truly public and that the requester receive no more than what is publicly available before we find a waiver.” Cottone, 193 F.3d at 555. In other words, the information must be “freely available.” U.S. Dep’t of Justice v. Reporters Comm, for Freedom of the Press, 489 U.S. 749, 764, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).
Although the agency is statutorily required to disclose information contained in the Notices of Seizure to affected trademark holders, this limited disclosure to interested third-parties is not otherwise in the “public domain” or “freely available.” Thus, in my view, the CBP did not waive Exemption 4.